IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–02076–MSK–KMT

CROWN ENERGY, INC., a Colorado corporation,

   Plaintiff,

v.

OCS AMERICAN CAPITAL, LTD., a New Mexico limited liability company,

   Defendant.

---

# ORDER

---

This matter is before the court on Defendant's "Motion for Leave to Substitute Corrected Motion to Dismiss." (Doc. No. 33, filed April 11, 2014.) Plaintiff's Response was filed on May 1, 2014 (Doc. No. 34) and Defendant's Reply was filed on May 8, 2014 (Doc. No. 37). For the following reasons, Defendant's Motion is DENIED.

## PROCURAL BACKGROUND

Defendant, through its former counsel, filed its original Motion to Dismiss on October 10, 2013. (Doc. No. 11.) Plaintiff's Response to that Motion was filed on November 4, 2013 (Doc. No. 14) and Plaintiff filed its Reply on November 12, 2013 (Doc. No. 20).

On March 19, 2014, Defendant's former counsel was permitted to withdraw. (*See* Order, Doc. No. 27.) Defendant's current counsel filed an entry of appearance on April 2, 2014. (Doc. No. 29.) That same day, Defendant unilaterally filed its Corrected Motion to Dismiss. (Doc.

No. 30.) The court denied the Corrected Motion to Dismiss without prejudice finding that because Defendant's original Motion to Dismiss had been pending for nearly six months, Defendant needed to seek leave of court file its Corrected Motion to Dismiss. (*See* Minute Order, Doc. No. 32, filed Apr. 4, 2014.)

Consistent with the court's April 4, 2014 Minute Order, Defendants' present Motion seek leave to file its Corrected Motion to Dismiss. Plaintiff argues that it would be unduly prejudiced if Defendant were granted leave to file its Corrected Motion to Dismiss more than 6 months after it filed its original Motion to Dismiss.

## ANALYSIS

The Federal Rules of Civil Procedure do not provide any guidance regarding if and when a party may amend or substitute a motion to dismiss submitted under Federal Rule of Civil Procedure 12. As such, the court finds this issue is governed by its inherent authority to oversee and control the litigation. *Cf., e.g., Ricotta,* No. 06-cv-01502-MSK-KLM, 2008 WL 516674, at *9 (D. Colo. Feb. 22, 2008) (exercising power under either the Rules of Civil Procedure or, alternatively, the court inherent authority to oversee litigation to permit a substituted exhibit on summary judgment).

The court declines to allow Defendant to file its Corrected Motion to Dismiss. It appears that the Corrected Motion to Dismiss only raises two arguments that were not included in the original Motion to Dismiss. The court does not find these additional arguments to be particularly persuasive.

First, Defendant argues that Plaintiff lacks standing to pursue the claims asserted in the

Complaint. However, Defendant's standing argument simply recapitulates the same arguments as to why Plaintiff fails to state a claim for relief—namely, that (1) Plaintiff's allegations fail to establish the existence of an enforceable contract between Plaintiff and Defendant, and (2) Plaintiff's allegations fail to demonstrate that it suffered damages. The court finds these considerations do not implicate Plaintiff's standing; instead, they relate only to the sufficiency of Plaintiff's claims for relief. Indeed, if a defendant were permitted to attack a plaintiff's standing based solely on the whether the plaintiff has sufficiently pleaded the elements of its claims, Rule 12(b)(6) would effectively be swallowed by Rule 12(b)(1).

Second, Defendant seeks to assert that Plaintiff lacks authority to bring this suit because Plaintiff's registered agent filed a notice of dissolution of Crown Energy, Inc. This argument is underdeveloped, at best. More specifically, the filing of articles dissolution alone is likely insufficient to establish that a corporation has been dissolved. *See Michaelson v. Michaelson,* 939 P.2d 835, 837-838 (Colo. 1997) (president of corporation wrongfully attempted to dissolve corporation by filings articles of dissolution that falsely represented, among other things, that an absent shareholder had received notice of and consent to the dissolution). Further, even assuming Crown Energy, Inc. was properly dissolved, a corporation's dissolve status does not necessarily impact its capacity to sue. *See City of Lafeyette v. New Anderson Ditch Co.,* 962 P.2d 955, 960 (Colo. 1998) (citing Colo. Rev. Stat. § 7-26-120(1)) (the general rule is that a dissolve corporation's ability to sue is limited by a two-year statute of limitations). Defendant's Corrected Motion to Dismiss does not address these additional considerations concerning to Plaintiff's capacity to sue.

Altogether, because the additional arguments asserted in Defendant's proposed Corrected Motion to Dismiss are not particularly persuasive, the court finds that Defendant's interest in correcting its original Motion to Dismiss is outweighed by the prejudice Plaintiff would suffer in responding to the Corrected Motion to Dismiss six months after the Original Motion to Dismiss was filed.   This prejudice to Plaintiff is especially salient because Defendant can likely assert its additional arguments at a later juncture in this case, by way of a motion for summary judgment or other appropriate dispositive motion.

Therefore, for the foregoing reasons, it is

ORDERED that Defendant's "Motion for Leave to Substitute Corrected Motion to Dismiss" (Doc. No. 33) is DENIED.   A Recommendation on Defendant's original Motion to Dismiss (Doc. No. 11) will be issued in due course.

Dated this 12th day of June, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge