# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Chief Judge Marcia S. Krieger

**Civil Action No. 13-cv-02076-MSK-KMT**

**CROWN ENERGY, INC.**, a Colorado corporation,

    Plaintiff,

v.

**OCS AMERICAN CAPITAL, LTD.**, a New Mexico limited liability company,

    Defendant.

## ORDER ON RECOMMENDATION AND MOTION FOR LEAVE TO AMEND

**THIS MATTER** comes before the Court on the Recommendation (**# 47**) of the Magistrate Judge that Defendant OCS American Capital, LTD's Motion to Dismiss (**# 11**) be granted in part and denied in part. Both parties filed objections to the Recommendation (**# 55** and **57**) and responses to those objections (**# 65** and **66**). Plaintiff Crown Energy, Inc. also filed a First Motion for Leave to Amend Complaint (**# 56**), to which Defendant responded (**# 67**).

    **I.**    **Jurisdiction**

Crown asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the allegations in the Complaint (**# 1**) support that assertion. OCS does not challenge the Court's jurisdiction.

    **II.**    **Background**

The following facts relevant to the motion to dismiss are derived from the allegations in the Complaint (**# 1**).

PetroGas Energy Services, LLC ("PetroGas") requested that OCS provide funding to cover PetroGas' outstanding liabilities and to acquire additional oil and gas properties and projects. The Complaint states that OCS and an "unnamed 'Client'" entered into a "Retainer Agreement." Compl. ¶ 11. The Retainer Agreement obligated the Client to pay a retainer to OCS, and required OCS to provide an irrevocable bond purchase commitment. OCS received the retainer and provided PetroGas a bond commitment in the amount of $250 million.

Crown was incorporated under Colorado law as a parent entity to oversee the properties and projects that PetroGas sought to acquire. In September and October 2011, OCS allegedly made representations to Crown that it continued to make financing arrangements, and it reaffirmed its commitment to provide financing.

OCS furnished two bond commitments in Crown's name in October 2011, in amounts of $258 million and $20 million. Funds were not timely provided, but OCS continued to reassure Crown's principals that they would be delivered. Due to lack of funding, PetroGas was sued by its creditors and summary judgment was entered against it. Through the summer of 2013, however, OCS continued to assure Crown that financing was forthcoming. For instance, in March 2012, a principal of OCS emailed a co-owner of PetroGas and initial director of Crown that OCS was "ready, willing and able to proceed," Compl. ¶ 43, and would be finalizing documents. In November 2012, OCS wrote to Crown that they were "working very hard" to make the necessary arrangements to "proceed with the raising of the interim funding for Crown Energy/PetroGas." ¶ 48. In May 2013, OCS informed Crown's agent that some funds would be available within days and OCS required only a single signature to continue. OCS did not, however, deliver the funds and it refused to provide documentation to demonstrate that its obligations would be performed.

Crown filed a Complaint (**# 1**) against OCS, with claims for breach of contract and promissory estoppel. OCS moved to dismiss (**# 11**) the Complaint, to which Crown responded (**# 14**) and OCS replied (**# 20**). The Magistrate Judge issued a Recommendation that the breach of contract claim be dismissed because Crown was not a party to the Retainer Agreement and the bond commitments were not supported by consideration. The Recommendation concluded that the promissory estoppel claim should not be dismissed. Both parties objected to the Recommendation, and Crown moved for leave to amend the complaint (**# 56**).

### III.     Motion to Dismiss the Complaint

When a motion to dismiss is filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must assess whether the plaintiff's complaint, alone, is legally sufficient to state a claim for which relief may be granted. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). The Court must accept as true all well-pled factual allegations and view them in the light most favorable to Crown. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). It is not the Court's function to weigh the potential evidence that the parties may present at trial. *Jacobsen*, 287 F.3d at 941. Although consideration of evidence beyond the pleadings is typically inappropriate, the Court may consider documents that are referenced in the complaint and central to the plaintiff's claim, if the authenticity of the documents is not disputed. *Brown v. Montoya*, 662 F.3d 1152, 1166 (10th Cir. 2011). Thus, the Court, like the Magistrate Judge, considers the Retainer Agreement and the bond commitments, but disregards the other documents submitted by the parties in ruling on the motion to dismiss. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); Fed. R. Civ. P. 12.

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the

recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court must make a *de novo* determination of those portions of the recommendation to which timely and specific objection is made. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir.1996). The parties have submitted objections to portions of the Recommendation regarding both of Crown's claims. Upon *de novo* review, the Court agrees with the Recommendation.

The Recommendation concludes that the Complaint does not state a claim for breach of contract because its allegations do not demonstrate a contract between Crown and OCS. Crown objects stating that Crown, OCS, and PetroGas agreed to a substitution of Crown as the "Client" in the Retainer Agreement.

The Complaint, however, states only that OCS entered into a "Retainer Agreement" with an "unnamed Client.'" Compl. ¶ 11. There are allegations that OCS provided a bond commitment to PetroGas, and then OCS provided other bond commitments to Crown. Although these commitments and any assurances that OCS made to Crown are relevant to Crown's promissory estoppel claim, they do not demonstrate that Crown became the beneficiary under the Retainer Agreement – either that PetroGas had rights under the agreement that it assigned to Crown or that the unnamed Client assigned rights to Crown. The Complaint is devoid of facts, which if true, that would make Crown a party to the Retainer Agreement. Thus, the Complaint does not state sufficient facts to support a claim for breach of contract by Crown.

The Magistrate Judge did not recommend that Crown's breach of contract claim be dismissed with prejudice. OCS objects that dismissal should be with prejudice because Crown allegedly cannot offer any additional facts to establish a valid contract. Dismissal with prejudice is appropriate where amendment would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d

4

1213, 1219 (10th Cir. 2006). In the present matter, amendment is not futile because Crown seeks to amend the Complaint to correct this deficiency.

OCS also objects to the Recommendation that Crown's promissory estoppel claim not be dismissed.[1] OCS argues that any promise it made to Crown was conditional, and thus there is no claim for promissory estoppel. At its core, this an argument that Crown made no promise, which gives rise to a factual rather than a pleading issue.

**IV.    Amendment**

Crown also requests leave to amend (**# 56**) to address the deficiencies in the Complaint., The deadline for amendment of pleadings in the scheduling order (**# 22**) expired before its motion was filed.

This raises two questions. The first is whether there is a substantive basis for the amendment. The answer to this question is yes, because the proposed amendment identifies the contractual basis for the breach of contract claim.

The second question is whether the motion should be denied because it is untimely. The answer to this question is no. The proposed amendment addresses the deficiencies in the Complaint and there is no apparent prejudice to OCS. If the parties require additional time for discovery as a result of amendment, the Magistrate Judge may make appropriate arrangements at the scheduled motion hearing (**# 62**) regarding the motion for extension of time to extend the fact discovery cutoff (**# 52**).

For the foregoing reasons,

---

[1] The parties do not address what state's law governs the claim. The Magistrate Judge analyzed the claim under Colorado law and neither party objected. Assuming, without determining, that Colorado law applies, promissory estoppel is an equitable remedy available in absence of an enforceable contractual right.

**IT IS HEREBY ORDERED THAT** the Recommendation (**# 47**) is **ADOPTED IN PART.** OCS's Motion to Dismiss (**# 11**) is **MOOT**, as Crown's First Motion for Leave to Amend Complaint (**# 56**) is **GRANTED**. Exhibit M to the Motion for Leave to Amend Complaint (**# 56**) is deemed filed as the Amended Complaint. OCS shall file an answer to the Amended Complaint within fourteen days of this Order.

Dated this 26th day of September, 2014.

                                           **BY THE COURT:**

                                           */s/ Marcia S. Krieger*

                                           Marcia S. Krieger
                                           Chief United States District Judge